# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAURICE JOHNSON, and | : | |
| KELLY LYNETTE LUCAS, his wife, | : | |
| | : | C.A. No. 07-103 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEWARK, and, | : | |
| NEWARK POLICE DEPARTMENT, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

---

### OPENING BRIEF OF DEFENDANTS, CITY OF NEWARK AND NEWARK POLICE DEPARTMENT IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

**DANIEL A. GRIFFITH, ESQUIRE**
**Delaware Bar I.D. No. 4209**
**Marshall, Dennehey, Warner,**
**Coleman & Goggin**
**1220 N. Market Street, 5th Floor**
**P.O. Box 8888**
**Wilmington, DE  19899-8888**
**(302) 552-4317**
DATED:  February 28, 2007                **Attorney for Defendants**

## TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDINGS.........................................................1

II.    SUMMARY OF ARGUMENT .............................................................................................2

   A.   The Delaware County and Municipal Tort Claims Act, 10 Del. C. § 4010 et. seq.
      Immunizes Defendants from Liability for the Claims Asserted by the Plaintiffs...............2

III.   STATEMENT OF UNDISPUTED FACTS .........................................................................3

IV.    LEGAL ARGUMENT .........................................................................................................4

   A.   Since Defendants are Immune from Vicarious Liability Claims Under These
      Circumstances Pursuant to the Delaware County and Municipal Tort Claims Act,10 Del.
      C. 4010 et. seq., Plaintiffs' Complaint Must be Dismissed for Failure to State a Claim
      Upon Which Relief can be Granted Pursuant to Fed. R. Civ. P. 12 (b)(6).........................4

V.     CONCLUSION .....................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

**Carr v. Town of Dewey Beach,** 730 F. Supp. 591 (Del. 1990)....................................................6

**Sussex County v. Morris,** 610 A.2d 1354, 1357 (Del. Super. 1992)..........................................5

**Thomas v. Wilmington Police Department,** C.A. No. 92 C-03-244 (Del. Super. 1994)............6

**Washington v. Wilmington Police Department**, 1995, Del. Super. LEXIS 472 (September 18, 1995) ......................................................................................................................................2

**Statutes**

10 Del. C. § 4010...............................................................................................................................2

10 Del. C. § 4011 (a)..........................................................................................................................5

10 Del. C. § 4012..............................................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................................1

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On January 31, 2007, Plaintiffs, Maurice Johnson and Kelly Lynnette Lucas, filed their Complaint against Defendants, City of Newark and Newark Police Department.  (See Exhibit "A").  Plaintiffs' Complaint was served upon Defendants on or about February 16, 2007.  On or about February 20, 2007, Defendants filed a Notice of Removal, removing this matter to the United States District Court for the District of Delaware.  (See Exhibit "B").

This is the Opening Brief in Support of Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) on behalf of Defendants, City of Newark and Newark Police Department.

## II.     SUMMARY OF ARGUMENT

### A.     The Delaware County and Municipal Tort Claims Act, 10 Del. C. § 4010 et. seq. Immunizes Defendants from Liability for the Claims Asserted by the Plaintiffs.

Plaintiff, Maurice Johnson, contends that he was stopped for an alleged traffic violation by an officer of the Anne Arundel (Maryland) County Police Department.  (See Exhibit "A", P. 1).  According to Plaintiffs, the Maryland officer arrested Mr. Johnson on an outstanding warrant issued by the Defendants on charges of stealing a motor vehicle in Newark, Delaware, and authorized use of a credit card in Newark, Delaware (See Exhibit "A", P. 1).  Plaintiffs then contend Mr. Johnson was unlawfully imprisoned from January 25, 2006 through February 2, 2006 on a case of mistaken identity "because of the gross negligence, reckless and/or wanton conduct of Defendants".  (See Exhibit "A", P. 4).  Plaintiffs conclude that "the Defendants" are liable for false arrest, false imprisonment, failure to withdraw an outstanding warrant, failure to take appropriate measures to correctly identify Plaintiff and failure to secure Mr. Johnson's release within a reasonable time.  (See Exhibit "A", P. 6).

Defendants are immune from suit pursuant to the Delaware County and Municipal Tort Claims Act, 10 Del. C. § 4010.  Specifically, "the Defendants", i.e., the City of Newark and the Newark Police Department, can act only through their employees and, while it is not specifically alleged by Plaintiffs, the Complaint essentially contends that the City and the Department are vicariously liable for the actions of the municipal employees and police officers involved.  Under the Tort Claims Act, Defendants are immune from claims alleging vicarious liability under these circumstances.  **Washington v. Wilmington Police Department**, 1995, Del. Super. LEXIS 472 (September 18, 1995),  attached as Exhibit "C".

### III.        STATEMENT OF UNDISPUTED FACTS

1.        Plaintiffs' Complaint was  filed in the Superior Court of Delaware on January 31, 2007.  (See Exhibit "A").  The following facts are based purely and exclusively upon the allegations set forth in Plaintiffs' pleadings.

2.        Plaintiff Maurice Johnson, was stopped for a routine traffic violation by an officer of the Anne Arundel (Maryland) County Police Department on January 24, 2006.  At that time, the Maryland police officer arrested Mr. Johnson on an outstanding warrant issued by the City of Newark and Newark Police Department, for charges of stealing a motor vehicle in Newark, Delaware and the unauthorized use of a credit card.  (See Exhibit "A", P. 1).

3.        This was, apparently, a case of mistaken identity inasmuch as the "the male Plaintiff was not the individual listed in the …warrant."  (See Exhibit "A", P. 2). Nevertheless, Plaintiff was detained from January 25, 2006 through February 2, 2006, at which time the mistaken identity was resolved and he was released.  (See Exhibit "A", P. 4-5).

4.        While Plaintiffs' Complaint contains allegations of false arrest, and false imprisonment by "the Defendants", the liability of the City of Newark and the Newark Police Department is based, logically, upon the conduct of their employees, i.e., Plaintiffs contend that these entities are vicariously liable for the "gross negligence, reckless and/or wanton conduct" of Defendants' employees.

IV.    **LEGAL ARGUMENT**

     A.    **Since Defendants are Immune from Vicarious Liability Claims Under These Circumstances Pursuant to the Delaware County and Municipal Tort Claims Act,10 Del. C. 4010 et. seq., Plaintiffs' Complaint Must be Dismissed for Failure to State a Claim Upon Which Relief can be Granted Pursuant to Fed. R. Civ. P. 12 (b)(6).**

Under the County and Municipal Tort Claims Act (hereinafter, "Tort Claims Act"), a governmental entity is generally immune from liability for its tortious acts or omissions. 10 Del. C. § 4011 (a) of the Tort Claims Act reads, in pertinent part, "except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages…". 10 Del. C. § 4011(b) enumerates six examples of the range of activities for which local governmental entities are immune. The statute provides that this list is inclusive (i.e., … examples and, should not be interpreted to limit the general immunity provided by this section")  rather than exclusions.

In 10 Del. C. § 4012, the Tort Claims Act provides three exceptions to this broad grant of immunity. The activities enumerated in § 4012 are an inclusive list and are the only activities to which municipal liability is waived. Sussex County v. Morris, 610 A.2d 1354, 1357 (Del. Super. 1992). Inasmuch as these exceptions relate to matters such as motor vehicles (exception No. 1), construction of buildings (exception No. 2), and environmental matters (exception No. 3), there can be no reasonable dispute that they have no application here.

Since none of the exceptions listed in 10 Del. C. § 4012 apply, Defendants are immune from suit pursuant to 10 Del. C. § 4011.

In fact, Defendants' immunity under the Tort Claims Act is evidenced not only by the plain and unambiguous terms of the statute(s), but also case law which has addressed the issue under circumstances similar to the instant matter.

In **Carr v. Town of Dewey Beach,** 730 F. Supp. 591 (Del. 1990), this Court found that the Tort Claims Act was applicable to plaintiffs' claims for malicious prosecution, abuse of process, false arrest and intentional infliction of emotional distress. In **Thomas v. Wilmington Police Department,** C.A. No. 92 C-03-244 (Del. Super. 1994) (Exhibit "D"), plaintiff sued the defendants for false arrest, false imprisonment and invasion of privacy following an arrest on erroneous warrant. The Superior Court of Delaware held that the Tort Claims Act precluded plaintiff's claims where she could not show that any exception listed in § 4012 was applicable to her case.

In **Washington v. Wilmington Police Department, supra**, the Superior Court of Delaware more squarely addressed the potential liability of a governmental entity for the actions of its officers under the Tort Claims Act. In **Washington**, officers of the City of Wilmington Police Department received a report of a woman with a gun in the area where plaintiff was walking. Ms. Washington claimed that an officer of the department stopped her, yelled at her and forcibly pushed her against the wall, ultimately causing her to suffer a stroke. Like the Complaint in this case, Ms. Washington's Complaint alleged a variety of intentional torts including false arrest and false imprisonment. (See Exhibit "C").

In analyzing the applicability of the immunities available to the Department under the Tort Claims Act, the Superior Court of Delaware concluded:

> The Court is persuaded that the City of Wilmington enjoys municipal immunity from the tortious acts of (the officer). § 4011 is expansive in scope and covers "any and all tort claims". Conversely, the exceptions are narrowly drawn and are clearly inapplicable to the case at hand. There is no statutory exception for those tort claims involving "excessive force". Furthermore, there is no statutory exception for those claims based on the principles of *respondeat superior*. In fact, § 4011 (c)… expressly separates the tortious acts of employees of the municipality from the municipality itself. Furthermore, a municipality is an entity

> that can only act through the actions of its employees and agents. If it could be held liable for the acts of its employees under *respondeat superior*, the Tort Claims Act would be rendered meaningless. (Plaintiff) cannot point to a statutory exception enumerated in §4012, therefore summary judgment is granted for the City of Wilmington. (See Exhibit "C", P. 6).

The Superior Court in <u>Washington</u> also dismissed the City of Wilmington Police Department from the case inasmuch as the Wilmington Police Department is not a separate entity from the City of Wilmington itself.

In sum, both the language of the Tort Claims Act and the case law applying the Tort Claims Act to circumstances of this type of case make clear that both the City of Newark and the Newark Police Department enjoy absolute immunity from the claims set forth in Plaintiffs' Complaint. As a consequence, Plaintiffs' Complaint must be dismissed as a matter of law.

## V.    CONCLUSION

For all the foregoing reasons, it is respectfully requested that this Honorable Court dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**


  */s/ Daniel A. Griffith*
DANIEL A. GRIFFITH, ESQUIRE
I.D. No. 4209
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4317
Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Griffith, Esquire hereby certify that on the date indicated below a true and correct copy of the Opening Brief of Defendants, City of Newark and Newark Police Department in Support of Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed.R.Civ.P.12(b)(6) were forwarded to the below named addressee via electronic filing:

Morton Richard Kimmel, Esquire
**Kimmel, Carter, Roman & Peltz, PA**
200 Biddle Avenue, Suite 101
Springside Plaza
P.O. Box 1070
Bear, Delaware 19701
Attorney for Plaintiffs

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**


　　_/s/ Daniel A. Griffith_
DANIEL A. GRIFFITH, ESQUIRE
DE ID No. 4209
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE  19899-8888
302-552-4317
Attorney for Defendants

Dated:  February 28, 2007

**EXHIBIT "A"**

EFiled: Jan 31 2007 11:54AM EST
Transaction ID 13648536
Case No. 07C-01-437 JRJ

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MAURICE JOHNSON, and                    :
KELLY LYNETTE LUCAS, his wife,          :
                                        :     C. A. No.  07C-01-437 JRJ
        Plaintiffs,                     :
                                        :
                                        :
        v.                              :     NON-ARBITRATION CASE
                                        :
CITY OF NEWARK, and,                    :
NEWARK POLICE DEPARTMENT,               :
                                        :     JURY TRIAL DEMANDED
        Defendants.                     :

## COMPLAINT

1.      On Tuesday, January 24, 2006, the male Plaintiff was operating a motor vehicle in Anne

Arundel County, Maryland, when he was stopped for an alleged traffic violation by an officer of

the Anne Arundel County Police Department.  During that stop, the police officer arrested the

male Plaintiff on an outstanding warrant issued by the Defendants on charges of stealing a motor

vehicle in Newark, Delaware, and unauthorized use of a credit card in Newark, Delaware.

2.      The male Plaintiff was not the individual listed in the Defendants' warrant.

3.      The male Plaintiff was detained at Anne Arundel County Detention Center and spent the

evening of Tuesday, January 24, 2006, in prison at the Anne Arundel County Detention Center

because of the gross negligence, reckless and/or wanton conduct of Defendants.

4.      The male Plaintiff was transferred to Prince George's County Correctional Center on

Wednesday, January 25, 2006, and held in prison from Wednesday, January 25, 2006 through

Thursday, February 2, 2006, because of the gross negligence, reckless and/or wanton conduct of

Defendants.

5.    The male Plaintiff was extradited and taken in both ankle and wrist shackles to the Newark Police Department on Thursday, February 2, 2006, where the Defendants immediately determined that the male Plaintiff was not the individual, also named Maurice Johnson, that was "wanted" by the Defendants.

6.    The conduct of the Defendants was grossly negligent, reckless and/or wanton in that their agents, acting within the scope and course of their employment or with apparent authority:

    a.    Caused the male Plaintiff to be falsely arrested by misidentifying the male Plaintiff;

    b.    Caused the male Plaintiff to be falsely imprisoned by misidentifying the male Plaintiff and failed to take action to investigate the male Plaintiff's claim that he never stole a motor vehicle in Newark, Delaware, and never used a credit card in Newark, Delaware without proper authorization;

    c.    Failed to withdraw an outstanding warrant for the Maurice Johnson that was charged with stealing a motor vehicle in Newark, Delaware, and unauthorized use of a credit card in Newark, Delaware, once this Maurice Johnson was arrested in New York in 2003;

    d.    Failed to take appropriate measures to determine if the male Plaintiff was falsely identified, falsely arrested, and falsely imprisoned, despite repeated communications from Anne Arundel County Detention Center, Prince George's County Correctional Center, and Maurice Johnson's wife, the female Plaintiff, informing them of their mistake;

    e.    Failed to have the male Plaintiff released by the Maryland authorities, even after being supplied with the male Plaintiff's date of birth, social security number, weight,

2

height, photograph, and fingerprints, which clearly proved that the male Plaintiff was the "wrong man."

7.      As a direct result of the aforesaid conduct of the Defendants, the male Plaintiff has undergone severe emotional pain and suffering, which continue and will continue in the future, was terminated from his employment, has sustained a loss of earnings and a loss of future earnings, medical expenses, a loss of reputation, and other damages.

8.      As a further direct result of the aforesaid conduct of the Defendants, the female Plaintiff has sustained a loss of consortium.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for their general and special damages, and punitive damages, in an amount to be determined by a jury, plus costs and interest.

/S/ MORTON RICHARD KIMMEL
**MORTON RICHARD KIMMEL, ESQUIRE**
Kimmel, Carter, Roman & Peltz, P.A.
Bar ID: 132

/S/ LAWRANCE SPILLER KIMMEL
**LAWRANCE SPILLER KIMMEL, ESQUIRE**
Kimmel, Carter, Roman & Peltz, P.A.
200 Biddle Avenue, Suite 101
Springside Plaza
Bear, Delaware 19701
(302) 392-2000
Attorneys for Plaintiffs
Bar ID: 4725

DATE: January 31, 2007

3

## CERTIFICATE OF VALUE

I, LAWRANCE SPILLER KIMMEL, attorney for the Plaintiffs, hereby certify in good faith that at this time, in my opinion, the sum of damages of the Plaintiffs' claim is in excess of $100,000, exclusive of costs and interest.

/S/ LAWRANCE SPILLER KIMMEL
LAWRANCE SPILLER KIMMEL

**EXHIBIT "B"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MAURICE JOHNSON, and            :
KELLY LYNETTE LUCAS, his wife,  :
                                :    C.A. No.   0 7 - 1 0 3
    Plaintiffs,                 :
                                :
        v.                      :
                                :
CITY OF NEWARK, and,            :
NEWARK POLICE DEPARTMENT,       :    JURY TRIAL DEMANDED
                                :
    Defendants.                 :

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

MAURICE JOHNSON, and            :
KELLY LYNETTE LUCAS, his wife,  :
                                :    C.A. No. 07-C-01-437-JRJ
    Plaintiffs,                 :
                                :    NON-ARBITRATION CASE
        v.                      :
                                :
CITY OF NEWARK, and,            :
NEWARK POLICE DEPARTMENT,       :    JURY TRIAL DEMANDED
                                :
    Defendants.                 :

<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**
**COURT FOR THE DISTRICT COURT OF THE STATE OF DELAWARE:**

Defendants, City of Newark and Newark Police Department, by and through their attorneys,

Marshall, Dennehey, Warner, Coleman and Goggin, hereby remove the above-captioned case to this

Honorable Court and provide notice of same to Plaintiffs. In support of the removal, the Defendants

aver as follows:

1. That on or about February 16, 2007, the Plaintiffs' Complaint in the above-captioned matter was served upon the Defendants.   A copy of the Complaint herein is attached hereto and marked Exhibit "A".

2. In the Answers to Superior Court Form 30 Interrogatories filed along with Plaintiffs' Complaint, Plaintiffs aver that they reside at 1730 Severn Tree Court, Severn, Maryland 21144. (See Exhibit "A").   Defendants, City of Newark and Newark Police Department, are public entities organized and existing under the laws of the State of Delaware and located in Newark, Delaware.

3. The damages allegedly sustained by the Plaintiffs are in excess of $75,000.

4. The above-described civil action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00 and is accordingly one which may be removed to this Honorable Court by Notice pursuant to Title 28 United States Code §1441.

**WHEREFORE**, the Defendants pray that the above action now pending in the Superior Court of Delaware in New Castle County be removed to this Court.

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**

**DANIEL A. GRIFFITH, ESQUIRE**
DE ID No. 4209
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE  19899-8888

DATE:

## CERTIFICATE OF SERVICE

I, Daniel A. Griffith, Esquire hereby certify that on the date indicated below two (2) true

and correct copies of Notice of Removal were forwarded to the below named addressees by first-

class mail:

Morton Richard Kimmel, Esquire
**Kimmel, Carter, Roman & Peltz**
P.O. Box 1070
Bear, Delaware 19701
Attorney for Plaintiffs

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _____

DANIEL A. GRIFFITH, ESQUIRE
DE ID No. 4209
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE  19899-8888

Dated: 2/21/07

\15_A\LIAB\DAGRIFFITH\LLPG\409493\HXRUSSO\20008\00116

**EXHIBIT "C"**

Source:  Legal > / . . . / > DE State Cases, Combined 🔢
Terms:  washington /s wilmington  (Edit Search | Suggest Terms for My Search)
Focus:  "ida washington" /s wilmington  (Exit FOCUS™)

*1995 Del. Super. LEXIS 472, \**

**IDA WASHINGTON,** Plaintiff, v. **WILMINGTON** POLICE DEPARTMENT, a governmental entity of the City of **Wilmington,** the CITY OF **WILMINGTON,** a municipal corporation of the State of Delaware, and OFFICER CUNNINGHAM, Badge No. 114, Defendants.

C. A. No. 92C-05-159

SUPERIOR COURT OF DELAWARE, NEW CASTLE

1995 Del. Super. LEXIS 472

June 22, 1995, Date Submitted
September 18, 1995, Date Decided

**SUBSEQUENT HISTORY:  [\*1]**

Released for Publication by the Court November 7, 1995.

**DISPOSITION:** Upon Defendant's Motion for Summary Judgment: Granted in part, Denied in part.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendants, city, police department, and officer filed motions for summary judgment on plaintiff detainee's action alleging that the officer used excessive force on her during a police stop.

**OVERVIEW:** The detainee, who had suffered a stroke and walked with a folding cane, was stopped by the officer after the officer received a call that a woman was walking down the street with a firearm. The detainee alleged that the officer pushed her against a wall and that she suffered another stroke as a result. The trial court granted the motions for summary judgment filed by the city and the police department and denied the officer's motion. The court held that the detainee failed to prove or allege that the city did not meet the range of activities listed in § 4011(b) of the Delaware County and Municipal Tort Claims Act (Act), Del. Code Ann. tit. 10, § 4010 et seq., or that the city had met any of the exceptions provided in § 4012 of the Act. The court held that the police department was not a juridical entity that was amenable to suit. The officer's motion was denied because material questions existed as to whether a jury could have found that his conduct was wanton or malicious in nature. He had rushed up to a visibly handicapped woman and after she stated that she could physically not comply with his commands, he forcibly pushed her against a wall and restrained her.

**OUTCOME:** The motions of the city and the police department for summary judgment were granted. The motion of the police officer for summary judgment was denied.

**CORE TERMS:** summary judgment, immunity, Tort Claims Act, matter of law, municipal, immune, walking, Municipal Tort Claims Act, excessive force, enumerated, entity, statutory exception, false arrest, municipality, tortious, forcibly, weapons, wanton, purse, filed suit, et seq, disputed, amenable, intentional infliction of emotional distress, doctrine of respondeat superior, invasion of privacy, respondeat superior, false imprisonment, wanton negligence,

malicious intent

## LexisNexis(R) Headnotes ◆ Hide Headnotes



Civil Procedure > Summary Judgment > Standards > Genuine Disputes 🗒

Civil Procedure > Summary Judgment > Standards > Materiality 🗒

**HN1** 🔻 In order to succeed on a motion for summary judgment, movants must show that there is no genuine issue as to any material fact, and that defendants are entitled to judgment as a matter of law. Del. Super. Ct. R. Civ. P. 56(c). The court's role is to identify disputed factual issues whose resolution is necessary to decide the case, but not to decide those issues. Thus, the court accepts as established all undisputed factual assertions made by either party, and accepts the nonmovant's version of any disputed facts. From those accepted facts, the court draws all rational inferences which favor the nonmoving party. More Like This Headnote



Governments > Local Governments > Claims By & Against 🗒

Governments > State & Territorial Governments > Claims By & Against 🗒

Torts > Public Entity Liability > Immunity > General Overview 🗒

**HN2** 🔻 Section 4011(a) of the Delaware County and Municipal Tort Claims Act, Del. Code Ann. tit. 10, § 4010 et seq., provides that except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. More Like This Headnote | *Shepardize: Restrict By Headnote*

Governments > Local Governments > Claims By & Against 🗒

Torts > Public Entity Liability > Immunity > General Overview 🗒

**HN3** 🔻 In § 4011(b) of the Delaware County and Municipal Tort Claims Act, Del. Code Ann. tit. 10, § 4010 et seq., there are six enumerated examples of the range of activities for which local governmental entities are immune. The statute provides that this list is inclusive rather than exclusive. More Like This Headnote | *Shepardize: Restrict By Headnote*

Governments > Local Governments > Claims By & Against 🗒

Torts > Public Entity Liability > Immunity > General Overview 🗒

Torts > Public Entity Liability > Liability > State Tort Claims Acts > Exclusions From Liability 🗒

**HN4** 🔻 Section 4012 of the Delaware County and Municipal Tort Claims Act, Del. Code Ann. tit. 10, § 4010 et seq., provides three exceptions to the broad grant of tort immunity. More Like This Headnote

Governments > Local Governments > Claims By & Against 🗒

Torts > Public Entity Liability > Immunity > General Overview 🗒

**HN5** 🔻 The activities enumerated in § 4012 of the Delaware County and Municipal Tort Claims Act, Del. Code Ann. tit. 10, § 4010 et seq., are an exclusive list and are the

only activities to which municipal immunity is waived.  More Like This Headnote

Governments > Local Governments > Claims By & Against

Torts > Public Entity Liability > Excessive Force

Torts > Public Entity Liability > Liability > Vicarious Liability

**HN6** A municipality is an entity that can only act through the actions of its employees and agents.  More Like This Headnote

Governments > Local Governments > Claims By & Against

Torts > Damages > Compensatory Damages > Property Damage > General Overview

Torts > Public Entity Liability > Liability > General Overview

**HN7** Section 4011(c) of the Delaware County and Municipal Tort Claims Act, Del. Code Ann. tit. 10, § 4010 et seq., provides that an employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which his or her governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent.  More Like This Headnote | *Shepardize: Restrict By Headnote*

Governments > Local Governments > Claims By & Against

Governments > Local Governments > Employees & Officials

**HN8** In order for an officer's conduct to be found to be "wanton", his conduct must reflect a "conscious indifference" or an "I don't care attitude." The question of wanton conduct is ordinarily reserved for the trier of fact. The court may only grant judgment as a matter of law if it can draw but one inference from the uncontroverted facts.  More Like This Headnote | *Shepardize: Restrict By Headnote*

**COUNSEL:** Shawn Dougherty, Esquire, Berkowitz, Schagrin, Coonin, Cooper & Dougherty, P.A., Wilmington, Delaware, Attorney for Plaintiff.

William J. Rhodunda, Jr., Esquire, City of Wilmington Law Department, Wilmington, Delaware, Attorney for Defendants.

**JUDGES:** Judge Susan C. Del Pesco

**OPINION BY:** Susan C. Del Pesco

**OPINION:** MEMORANDUM OPINION

DEL PESCO, Judge

This action arises out of an incident in which it is alleged that Officer Robert Cunningham of the City of **Wilmington** Police Department ("Officer Cunningham") used excessive force on the plaintiff, Ms. **Ida Washington** ("Washington") during a police stop. Washington filed suit against Officer Cunningham, the City of **Wilmington** Police Department ("Department"), and

the City of **Wilmington** ("City"). Defendants have moved for summary judgment alleging: 1) the City of **Wilmington** is insulated from tort liability pursuant to the Delaware County and Municipal Tort Claims Act, 10 Del. C. § 4010 *et seq.;* 2) the City of **Wilmington** Police Department is not amenable to suit; and 3) Officer Cunningham enjoys **[*2]** limited tort immunity under the Tort Claims Act, and Washington can not show, as a matter of law, that Cunningham's actions rose to the level of wantonness required under the statute to hold the Officer liable in tort. This is the Court's decision on the motion.

I.

FACTS

At this stage of the proceedings, the Court will view all available facts in a light most favorable to the nonmovant, here Washington.

On September 24, 1991, Washington was walking along Concord Avenue in Wilmington on her way to the Division of Social Services. Previously, Washington had suffered a stroke, which left her partially incapacitated. She walked with a limp. Washington needed the assistance of a cane. When folded up, the cane resembles a firearm. Officer Cunningham was on patrol on that date with his partner Officer Eugene Solge ("Officer Solge"). The two officers received a radio dispatch reporting a woman with a gun in the area of Market and Vandever Streets. The description was of a black female, blue shirt, blue pants, walking with a limp and carrying a gun. Washington apparently fit the description.

The two officers arrived at the scene and saw Washington walking along the sidewalk. Washington **[*3]** claims that Officer Cunningham hurriedly approached her and told her to put her hands above her head and get up against the wall. Washington inquired as to why she was being stopped, and informed Officer Cunningham that she was physically unable to put her hands above her head. The officer yelled at her to comply with his orders, and forcibly pushed her against the wall. He held her against the wall by her shoulder, causing her pain in her arm. Officer Cunningham received her consent to search her purse, and he conducted the search without finding any weapons on Washington. Throughout the incident, Washington continued to tell Officer Cunningham that she was handicapped and that she had no weapons. Shortly after the incident, Washington suffered another stroke causing her to be hospitalized.

According to Officer Cunningham, when he approached Washington, he twice called out to her to stop, but she kept walking. The officer moved in front of her path and attempted to explain to her why she was being stopped, but she became hysterical and started yelling at him. She yelled that she wanted the badge numbers of the officers present. She then reached with her right hand into her purse, **[*4]** causing Officer Cunningham to "discreetly" grab hold of her arm to keep her from doing that. He then received her permission to search the purse, and he searched it, but found no weapons. Officer Cunningham denies pushing her up against the wall or forcibly restraining her.

Washington filed suit asserting a number of claims. Although not set out in counts, her complaint may be fairly read as setting forth a panoply of intentional torts including battery, assault, intentional infliction of emotional distress, false arrest, false imprisonment and invasion of privacy.

II.

STANDARD FOR SUMMARY JUDGMENT

In support of their motion for summary judgment, defendants argue that: 1) the City of Wilmington is immune from suit pursuant to Section 4011 of the Delaware County and

Municipal Tort Claims Act; 2) the City of Wilmington Police Department is not subject to being sued because it is merely a department of a municipal corporation, and therefore has no separate juridical identity, and 3) Officer Cunningham's conduct does not, as a matter of law, rise to the standard of "wanton negligence or willful and malicious intent" necessary to take his actions out of the protective umbrella of the **[*5]** Tort Claims Act.

*HN1* In order to succeed on their motion, defendants must show that there is no genuine issue as to any material fact, and that defendants are entitled to judgment as a matter of law. Super. Ct. Civ. R. 56(c). This Court's role is to identify disputed factual issues whose resolution is necessary to decide the case, but not to decide those issues. Merrill v. Crothall-American, Inc., Del. Supr., 606 A.2d 96, 99 (1992).