IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAURICE JOHNSON, and<br>KELLY LYNETTE LUCAS, his wife,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>CITY OF NEWARK, and,<br>NEWARK POLICE DEPARTMENT,<br><br>　　　　Defendants. | : : : : : : : : : : : : : | C. A. No. 07-103 |

**PLAINTIFFS' MOTION FOR REMAND TO DELAWARE SUPERIOR COURT PURSUANT TO 28 U.S.C. § 1446**

1.  This action was commenced in the Superior Court of the State of Delaware on January 31, 2007, by Plaintiffs Maurice Johnson and Kelly Lynette Lucas, both residents of Maryland, alleging claims arising under Delaware law.

2.  On February 21, 2007, Defendants City of Newark and Newark Police Department filed a notice of removal of this case to the United States District Court for the District of Delaware. The stated basis for removal was that the "Honorable Court has original jurisdiction pursuant to Title 28 United States Code §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00 and is accordingly one which may be removed to this Honorable Court by Notice pursuant to Title 28 United States Code §1441."

3.  Plaintiffs assert that removal based on diversity jurisdiction is improper because Defendants City of Newark and Newark Police Department, parties properly joined and served as

1

defendants, are both citizens of the state of Delaware, the state in which this action was originally brought. Plaintiffs seek an Order remanding this case to Delaware Superior Court pursuant to 28 U.S.C. §1446 and directing that the defendants pay the plaintiffs just costs, and expenses, including attorneys fees, incurred as a result of the improper removal of this case.

4. 28 U.S.C. § 1446 provides, in pertinent part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. 28 U.S.C. § 1447 provides, in pertinent part:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

6. Defendants' removal was improper under 28 U.S.C. §1441, which provides the standards for removal. 28 U.S.C. §1441 states:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable

without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought (emphasis added).**

7. Therefore, under 28 U.S.C. §1441, an action is removable to district court if that Court would have had original jurisdiction pursuant to federal question jurisdiction or diversity jurisdiction. However, 28 U.S.C. §1441(b) provides that diversity cases are removable only if none of the defendants is a citizen of the state in which the action is brought.

8. Defendants' stated basis for removal is diversity. The Notice of Removal states that Defendants City of Newark and Newark Police Department are public entities organized and existing under the laws of the State of Delaware and located in Newark, Delaware. Therefore, this case was improperly removed based on diversity jurisdiction because both of the defendants are citizens of the state of Delaware, the state in which the action was originally brought.

**WHEREFORE,** Plaintiffs Maurice Johnson and Kelly Lynette Lucas, by and through their attorneys, hereby move this Court for an Order remanding this case to Delaware Superior Court pursuant to 28 U.S.C. §1446 and directing that the defendants pay the plaintiffs just costs, and expenses, including attorneys fees, incurred as a result of the improper removal of this case.

/S/ MORTON RICHARD KIMMEL
MORTON RICHARD KIMMEL, ESQUIRE
Kimmel, Carter, Roman & Peltz, P.A.
Bar ID: 132

/S/ LAWRANCE SPILLER KIMMEL
LAWRANCE SPILLER KIMMEL, ESQUIRE
Kimmel, Carter, Roman & Peltz, P.A.
200 Biddle Avenue, Suite 101
Springside Plaza
Bear, Delaware 19701
(302) 392-2000
Attorneys for Plaintiffs
Bar ID: 4725

DATE: March 19, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAURICE JOHNSON, and<br>KELLY LYNETTE LUCAS, his wife,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>CITY OF NEWARK, and,<br>NEWARK POLICE DEPARTMENT,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C. A. No. 07-103 |

## ORDER

IT IS HEREBY ORDERED this _____ day of _____, 2007, that this case is remanded to the Delaware Superior Court pursuant to 28 U.S.C. §1446.

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAURICE JOHNSON, and<br>KELLY LYNETTE LUCAS, his wife, | :<br>:<br>: | |
| | : | C. A. No. 07-103 |
| Plaintiffs, | :<br>: | |
| v. | :<br>: | |
| CITY OF NEWARK, and,<br>NEWARK POLICE DEPARTMENT, | :<br>:<br>: | |
| Defendants. | :<br>: | |

### NOTICE OF SERVICE/MAILING

The undersigned, counsel for Plaintiffs, hereby certifies that on March 19, 2007, two (2) copies of the Plaintiffs' Motion For Remand to Delaware Superior Court pursuant to 28 U.S.C. §1446 were served/mailed to:

Daniel A. Griffith, Esquire
Marshall, Dennehy, Warner, Coleman and Goggin
1220 N. Market St., 5th Floor
P.O. Box 130
Wilmington, DE 19899

/S/ LAWRANCE SPILLER KIMMEL
LAWRANCE SPILLER KIMMEL, ESQUIRE
Kimmel, Carter, Roman & Peltz, P.A.
200 Biddle Avenue, Suite 101
Springside Plaza
Bear, Delaware 19701
(302) 392-2000
Attorneys for Plaintiffs
Bar ID: 4725